# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GLEN DEE PACHTA,

    Plaintiff,

v.                                                                                                                    No. 19-cv-0030 RB-GJF

BETTY JUDD, *et al.*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

       This matter is before the Court on Plaintiff Glen Dee Pachta's *pro se* prisoner civil rights complaint. (Doc. 1.) He alleges all Northern New Mexico Correctional Facility (NNMCF) employees violated his "constitutional rights on a daily basis" while incarcerated. (*Id.* at 4, 6.) Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND

       In this proceeding, Mr. Pachta raises each constitutional violation that allegedly occurred during his 4.5 year prison term. He seeks $5,000 in damages "per person employed at," inter alia, NNMCF, Lea County Correctional Facility, Geo Group; CoreCivic; CCA; and the New Mexico Department of Corrections (NMDOC). (Doc. 1 at 5). This includes NNMCF Warden Betty Judd, all "unknown security staff;" all "medical staff, nursing staff, . . . and administrative [staff];" and all food services staff. (*Id.* at 3.) Mr. Pachta also asks the Court to sentence each prison employee to at least 4.5 years in prison. (*Id.* at 5.)

       Mr. Pachta's factual allegations primarily pertain to his conditions of confinement. He

alleges prison staff:

    (a) Caused "malicious sleep deprivation" by keeping the lights on at night;

    (b) Refused to provide nutritious food, served maggots and beetles, and cooked "unknown substances" into the food;

    (c) Provided unsanitary living conditions, featuring inadequate or leaky sinks, toilets, and shower facilities;

    (d) Failed to adequately treat Plaintiff's pain, anxiety, and infections; discontinued pain medications "cold turkey;" dispensed expired medications; conducted a fake biopsy of a skin blemish; and failed to timely remove stitches;

    (e) Failed to provide a bottom bunk, as directed, for 11 months;

    (f) Provided an uncomfortable single mattress; and

    (g) Miscalculated his sentence and detained him beyond his release date.

(*Id.* at 4–6).

Mr. Pacta alleges he reported these issues to the New Mexico courts and the New Mexico Attorney General's Office, who "failed to prosecute itself." (*Id.* at 4). He also purportedly attempted to file a grievance, but NNMCF allegedly did not follow applicable procedures. (*Id.* at 9.) He prepaid the $400 filing fee, and the matter is ready for initial review under 28 U.S.C. § 1915A.

## STANDARDS GOVERNING INITIAL REVIEW

When an inmate seeks relief from a government official, the Court must screen the pleading *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A. *Sua sponte* screening is required where, as here, the inmate filed the claims while incarcerated, even if he is subsequently released. *See May v. Segovia*, 929 F.3d 1223, 1232 (10th Cir. 2019). The Court may also dismiss a complaint *sua sponte* under Rule

12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a *pro se* complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992). However, a *pro se* plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a *pro se* plaintiff must abide by the applicable rules of court. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories or supply factual allegations to support the plaintiff's claims, nor may the Court assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.

**DISCUSSION**

As noted above, Mr. Pacta attempts to sue every NMDOC employee for every incident that occurred during his 4.5 year prison term. The Complaint is a quintessential "kitchen-sink" or "shotgun" filing, which "brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between

notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 F. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which . . . pertinent allegations to which a response is warranted").

Accordingly, the Court will dismiss the filing without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a) and failure to state a cognizable claim under 28 U.S.C. § 1915A. Plaintiff may file a single amended complaint within 30 days of entry of this Order. The amended complaint "must explain what each defendant did to [Mr. Pachta] . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right [he]believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If "various officials have taken different actions with respect" to Mr. Pachta, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013).

Mr. Pachta is further advised that to state a claim for cruel and unusual punishment, the amended complaint must show the alleged deprivation is objectively serious and that the prison official has "a sufficiently culpable state of mind." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). A conditions of confinement claim is only viable where prison officials deprived the plaintiff of "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from

4

serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). To demonstrate deliberate indifference to medical needs, Plaintiff must demonstrate he suffered substantial harm such as a "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted). The defendant must also be "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Finally, Mr. Pachta is advised that to obtain relief from prison supervisors or entities, the defendant must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1216 (10th Cir. 2003).

If Mr. Pachta fails to file a single, amended complaint that complies with Rule 8 and states a cognizable claim under § 1915A, the Court will dismiss this case with prejudice.

**IT IS ORDERED** that the Civil Rights Complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORERED** that Mr. Pachta may file a single amended complaint within 30 days of entry of this Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

5