IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLEN DEE PACHTA,

    Plaintiff,

v.   No. 19-cv-0030 RB-GJF

BETTY JUDD, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff Glen Dee Pachta's failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated and *pro se.* His original pleading argued all Northern New Mexico Correctional Facility (NNMCF) employees violated his "constitutional rights on a daily basis" during his 4.5 years in prison. (Doc. 1 at 4, 6.) Specifically, he alleged that prison staff kept the lights on at night; refused to provide nutritious food, sanitary living conditions, or adequate medical care; failed to provide a bottom bunk; gave him an uncomfortable mattress; and miscalculated his release date. (*Id.* at 4–6.) He sought $5,000 in damages "per person employed at" NNMCF, Lea County Correctional Facility, Geo Group; CoreCivic; CCA; and the New Mexico Department of Corrections (NMDOC). (*Id.* at 5.) This included NNMCF Warden Betty Judd, all "unknown security staff;" all "medical staff, nursing staff, . . . and administrative [staff];" and all food services staff. (*Id.* at 3.) Mr. Pachta also asked the Court to sentence each prison employee to at least 4.5 years incarceration. (*Id.* at 5.)

    By a ruling entered July 22, 2020, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A and determined that Mr. Pachta failed to state a cognizable claim. Mr. Pachta's attempt

to sue every NMDOC employee for every incident that occurred during his 4.5 year prison term was a quintessential "kitchen-sink" or "shotgun" filing. *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (dismissing complaint which "brings every conceivable claim against every conceivable defendant"); *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). The screening ruling explained that shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 F. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which . . . pertinent allegations to which a response is warranted"). Accordingly, the Court dismissed the original Complaint without prejudice.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court gave Mr. Pachta 30 days to cure the defects through an amended complaint. The screening ruling contained detailed instructions on how to draft a discernable pleading against individual defendants and set out the legal standard for an Eighth Amendment conditions of confinement claim. The screening ruling also provided information on to how to allege a claim against prison supervisors or entities. The Court warned Mr. Pachta that if he fails to timely file a single, amended complaint that complies with Federal Rule of Civil Procedure 8(a) and state a cognizable claim under § 1915A,

the Court may dismiss this case with prejudice. The deadline to file an amended complaint was August 21, 2020. Mr. Pachta did not comply or otherwise respond to the ruling. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim and failure to prosecute. Because the Court cannot discern exactly which claims it is dismissing, based on the Original Complaint, the dismissal will be without prejudice.

**IT IS ORDERED** that this civil rights proceeding is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE